UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH BURNHAM,

                              Plaintiff,

        v.

RAE LEE CHABOT, in her Official Capacity as
Judge/Actor of the State of Michigan,

                              Defendant.
_____

<u>DECISION AND ORDER</u>

21-CV-6669L

      A federal court is many things, but one thing it is not, as was made clear by the United States Supreme Court decades ago, is a super-appellate court over state-court judgments. Plaintiff has been told that twice now by two federal judges. This occasion had better be the last time.

      Kenneth C. Burnham ("Burnham"), the plaintiff in this federal action, was sued together with a property development company that he managed, Lake Villa Oxford Associates ("Lake Villa") in 2012 in Michigan's Oakland County Circuit Court (the "Michigan State Court Action"). The plaintiffs in that state action, including KeyBank National Association, sought repayment on defaulted mortgage loans that had been issued to Lake Villa and a related company. Burnham had executed personal guaranties on the loans and was sued on that basis.

      The case progressed over the next several years and involved several decisions by the Circuit Court, multiple appeals to Michigan's intermediate appellate court, the Michigan Court of Appeals, and two proceedings before the Michigan Supreme Court.

      Ultimately, Burnham was found liable as a matter of law on the final guaranty in dispute, *KeyBank Nat'l Ass'n. v. Lake Villa Oxford Assocs.*, 2016 Mich. App. LEXIS 1699 (Mich. Ct. App.

2016), and the matter was remanded for calculation of damages. Burnham's petition for leave to appeal to the Michigan Supreme Court was denied.

Now the case turned to the matters that underlie the instant lawsuit. The remand was before trial court Judge Rae Lee Chabot, the defendant in the action before this Court. On remand, Burnham moved to dismiss the case, claiming there had been insufficient service of process and that the Michigan Court had no *in personam* jurisdiction over him. Burnham requested a hearing, which the Court denied, ruling that it had sufficient documentary evidence to determine jurisdiction and calculate damages. Judge Chabot therefore entered judgment against Burnham.

Burnham appealed that decision to the Michigan Court of Appeals. On May 7, 2020, the Michigan Court of Appeals affirmed the trial court's judgment against Burnham, as well as its order denying Burnham's motion to dismiss for insufficient process. *See KeyBank Nat'l Ass'n.*, 2020 Mich. App. LEXIS 3244 (Mich. 2020). Burnham sought leave to appeal. The Michigan Supreme Court denied the application for leave to appeal, noting that "we are not persuaded that the questions presented should be reviewed by this court." *KeyBank Nat'l Ass'n.*, 2021 Mich. LEXIS 178 at *1 (Mich. 2021).

A few months later, in April 2021, Burnham commenced an action in this federal court against Chabot, pursuant to 42 U.S.C. §1983, claiming a violation of due process. Burnham challenged the Michigan State Court judgment and requested that this Court vacate it. That case, 21-CV-6297, was assigned to my colleague, United States District Judge Frank P. Geraci, Jr. By Decision and Order filed October 4, 2021, Judge Geraci dismissed the complaint, and ruled that the federal court did not have subject matter jurisdiction over the case. *See Burnham v. Chabot ("Burnham I")*, 2021 U.S. Dist. LEXIS 191183 (W.D.N.Y. 2021).

Judge Geraci's thorough opinion discussed the lack of subject matter jurisdiction based on the well-established *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416 (1923). The basic principle established by *Rooker-Feldman* is that federal courts lack jurisdiction over suits that are, in essence, appeals from state court judgments. It was clear in *Burnham I* that plaintiff sought to reverse and vacate the Michigan State Court judgment. Judge Geraci accordingly determined that the *Rooker-Feldman* doctrine applied, and dismissed the case.

Burnham did not appeal Judge Geraci's dismissal order, but chose to file a second action against Judge Chabot in this Court a mere week later. That case, *Burnham II*, has been assigned to the undersigned.

Burnham once again asserts his claims in federal court against Judge Chabot. Plaintiff now purports to seek declaratory relief in the form of a "finding" that the defendant's conduct in the Michigan State Court Action violated plaintiff's constitutional rights. Specifically, plaintiff claims that the defendant violated his Fifth Amendment right to due process and his Fourteenth Amendment right to equal protection, by failing to conduct an evidentiary hearing with respect to his allegations of insufficient service of process in the Michigan State Court Action, and by incorrectly concluding that the Michigan State Court could exercise personal jurisdiction over him – ultimately resulting in an unfavorable judgment against him. (Dkt. #1 at 1-2).

It is of course clear that federal courts have limited jurisdiction. A federal court must rely on specific statutory or constitutional authority to proceed with a case. A corollary to that rule is that federal courts must determine, *sue sponte* if necessary, whether jurisdiction is lacking.

It is clear to me that, like its twin in *Burnham I*, the instant complaint must be dismissed for lack of subject matter jurisdiction, pursuant to the *Rooker-Feldman* doctrine. *See generally*

*Beharry v. M.T.A. NYC Transit*, 2000 U.S. App. LEXIS 31335 at *4 (2d Cir. 2000) (application of the *Rooker-Feldman* doctrine can be undertaken by a district court *sua sponte*). The *Rooker-Feldman* doctrine provides that "inferior federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can only occur by way of a certiorari petition to the Supreme Court." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir. 1996).

In this Circuit, the following four elements must be satisfied to apply the *Rooker-Feldman* doctrine: (1) plaintiff must have lost in state court; (2) plaintiff must complain of injuries caused by the state-court judgment; (3) plaintiff must invite district court review and rejection of the state-court judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *Burnham I*, 2021 U.S. Dist. LEXIS 191183 at *8 (citing *Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018)). I find that the four *Rooker-Feldman* requirements are manifestly satisfied here, and that this Court lacks subject matter jurisdiction over the instant case.

First, it is undisputed that plaintiff did not prevail in the Michigan State Court Action: judgment was ultimately entered against him, and the Michigan Supreme Court denied leave to appeal. (Dkt. #1 at 5).

Second, the injury of which plaintiff complains is the "deprivation of property" that resulted from the unfavorable judgment in the Michigan State Court Action. (Dkt. #1 at 6).

Third, by requesting that this Court find the defendant's exercise of jurisdiction over him in the Michigan State Court Action to be unconstitutional, plaintiff implicitly asks this Court both to review, and to invalidate, the Michigan State Court's judgment in that case. *See Thompson v. Reeve*, 2013 U.S. Dist. LEXIS 29368 at *8 (D. Conn. 2013) (a request for declaratory relief in the

form of a finding that the state court's actions were "unconstitutional" is a direct challenge to the state-court judgment).

Finally, there is no question that the judgment plaintiff seeks to overturn was rendered prior to the filing of this action. (Dkt. #1 at 4, 5). As such, this Court lacks subject matter jurisdiction over this action pursuant to the *Rooker-Feldman* doctrine, and the complaint must be dismissed.

To say the least, it is puzzling as to why plaintiff and his lawyer opted to file a nearly duplicate action to raise the same claims and seek the same relief that had been rejected in *Burnham I* by Judge Geraci's detailed decision explaining why the *Rooker-Feldman* doctrine required dismissal. The claims in this present action, *Burnham II*, are just as flimsy as those found wanting in *Burnham I*. The only substantive changes plaintiff has made to his previous complaint are to amplify his allegations that the defendant's failure to hold an evidentiary hearing on service-of-process issues was unconstitutional, and to alter his request for relief, from a request for vacatur or injunction against enforcement of the Michigan State Court judgment (*Burnham I*, 21-CV-6297, Dkt. #1 at 6), to a demand for "a finding by this Court that the [defendant judge's] manner of assuming personal jurisdiction over [him wa]s constitutionally violative." (Dkt. #1 at 6).

Plaintiff's omission of references to vacatur or injunctive relief cannot nudge his claims outside the bounds of *Rooker-Feldman*: whether couched as a request to overturn an unconstitutional *decision*, or as a request for a finding that the decision *maker* acted unconstitutionally in reaching it, plaintiff's claims are still a collateral attack on the state court judgment. *See Grundstein v. Vermont*, 2011 U.S. Dist. LEXIS 144710 at *10 (D. Vt. 2011) (a plaintiff "cannot escape *Rooker-Feldman* by alleging that . . . judges, rather than their orders, were the causes of his alleged injuries").

5

The transparent "purpose of the plaintiff's challenge to the state court procedure [is] to invalidate the state judgment in his case." *Bell v. New York*, 2000 U.S. Dist. LEXIS 12854 at *18-*19 (S.D.N.Y. 2000) (quoting *McAllan v. Malatzky*, 1998 U.S. Dist. LEXIS 591 at *10 (S.D.N.Y. 1998)). For purposes of subject matter jurisdiction, it does not matter that the plaintiff's injuries are alleged to have resulted from "an erroneous [state court] judgment . . . entered after procedures said to be unconstitutional," where the inevitable target of his challenge is the validity of that judgment. *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996).

As Judge Geraci explained in *Burnham I*, "masquerading as a federal constitutional challenge cannot save what is, at bottom, an attack on a state-court judgment . . . '[d]istrict courts lack jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" *Burnham I*, 2021 U.S. Dist. LEXIS 191183 at *13 (quoting *Jordan v. Levine*, 536 F. App'x 158, 159 (2d Cir. 2013) (emphasis in original)). *See also Williams v. Williams*, 2012 U.S. Dist. LEXIS 24846 at *19 n.8 (W.D.N.Y. 2012) (*Rooker-Feldman* bars plaintiff's claim seeking a ruling that the state court's rulings were "unconstitutional").

Burnham extensively litigated his claims in the Michigan courts. Those courts ruled against him and judgment was eventually entered. Unhappy with that result, Burnham appealed the matter to Michigan's highest court, the Michigan Supreme Court and his request for leave to appeal was denied. That is the end of the case. No matter how unhappy Burnham might be with that result, it is basic hornbook law that this Court has no power and no jurisdiction to act as a super appellate court over state court judgments.

## CONCLUSION

For the reasons set forth above, this Court lacks subject matter jurisdiction over the instant action. The complaint is dismissed in its entirety. All pending motions (Dkt. #4, #9, #13, #15) are DENIED AS MOOT.

The Court warns plaintiff and his lawyer that an attempt to resurrect previously-dismissed frivolous claims, with no apparent good faith legal basis for doing so, raises Fed. R. Civ. Proc. 11 concerns. Further attempts to assert the same claims, against the same party, with the same legal deficiencies, could result in the imposition of sanctions.[1]

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 20, 2022.

---

[1] If plaintiff's conduct warrants sanctions, it would not be the first time Burnham and counsel have been sanctioned. The United States District Court for the Eastern District of Michigan imposed sanctions on Burnham and Lake Villa for having frivolously attempted to remove the case a second time from the state court to the federal court after the Eastern District judge had remanded the case back to state court determining it lacked subject matter jurisdiction. *See KeyBank Nat'l Ass'n. v. Lake Villa Oxford Assocs.*, 2012 U.S. Dist. LEXIS 203523 (E.D. Mich. 2012).